**MING–BIAO LI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3514–AG.**

United States Court of Appeals, Second Circuit.

June 8, 2006.

L.Ed.2d 272 (2002); *see also* 8 C.F.R. § 208.13(b)(1)(i)(B).

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Thomas V. Massucci, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Alyssa A. Qualls, James P. Loonam, Assistant United States Attorneys, Brooklyn, NY, for Respondent.

Present WILFRED FEINBERG, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

## SUMMARY ORDER

Ming Biao Li, a citizen of the People's Republic of China, petitions for review of the BIA's order denying Li's motion to reopen. We assume the parties' familiarity with the facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam);. An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A motion to reopen must be filed within 90 days after the date of the administrative decision being challenged. 8 C.F.R. § 1003.2(c)(2). In this case, Li filed his motion to reopen eleven months after the BIA's affirmance of the IJ's decision. However, because claims of ineffective assistance of counsel satisfy the general requirement that motions to reopen present "new facts" that are "material and [were] not available and could not have been discovered or presented at the former hearing," filing deadlines for motions to reopen premised on ineffective assistance may be subject to equitable tolling. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006) (citing *Iavorski v. INS*, 232 F.3d 124, 129 (2d Cir.2000); 8 C.F.R. § 3.23(b)(3) (2000) (recodified at 8 C.F.R. § 1003.23(b)(3) (2003))). Tolling is available if the petitioner can demonstrate, *inter alia*, that his counsel's conduct violated his constitutional right to due process. *See id.*

To establish that counsel was ineffective, Li must demonstrate (1) that competent counsel would have acted otherwise, and (2) that he was prejudiced by counsel's performance. *See id.* at 171 (citing *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994)); *see also Esposito v. INS*, 987 F.2d 108, 111 (2d Cir.1993). To satisfy the prejudice requirement, Li must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application. *See Rabiu*, 41 F.3d at 882.

Despite Li's assertions that his asylum claim was "genuine," were this Court to adjudicate a petition for review of the underlying removal order, it would be required to deny the petition because substantial evidence supports the IJ's adverse credibility findings. *See* 8 U.S.C. § 1252(b)(4)(B) (requiring that this Court review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). Li's testimony was inconsistent as to whether his wife had adopted the baby girl before or after her hysterectomy and whether his wife's uterine tumor had been discovered in 1993 or in 1999. Furthermore, as the IJ noted, the photographs of Li's wife appear identical in their marriage certificate, her birth certificate, and her X-ray examination certificate, even though the documents were purportedly issued several years apart. Li's explanation that his wife had possibly worn "the same outfit because we have difficult life ... and we have no money" seems incredible, especially in light of the striking similarities of the photographs in the record. Finally, the IJ's adverse credibility determination was further supported by the fact that the

letter submitted by Li's wife did not indicate that Li's parents had been detained, even though Li had alleged that the birth control officials detained his parents in order to compel Li and his wife to return from hiding.

Because the IJ's adverse credibility determination was supported by substantial evidence in the record, the BIA did not abuse its discretion in finding that Li failed to demonstrate that his attorneys' inactions prejudiced his claims.

Accordingly, Li's petition for review of the BIA's denial of his motion to reopen is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).